UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JERIJAH WARD and GERALDINE SMALLS
 Individually and on Behalf of
All Other Persons Similarly Situated,

                  Plaintiffs,

        -against-

THE BANK OF NEW YORK,

                Defendant.
-------------------------------------------------------------X

RECEIVED
MAR 0 8 2006
U.S.D.C. S.D. N.Y.
CASHIERS

**AMENDED
COMPLAINT AND
JURY DEMAND**

Index No.: 05CV8474

## NATURE OF THE ACTION

    1.    Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

    2.    Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendant for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.*

## JURISDICTION AND VENUE

    3.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant

to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the

FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff, Jerijah Ward was, at all relevant times, an adult individual, residing in

Spring Valley, New York, County of Rockland.

7.  Plaintiff, Geraldine Smalls was, at all relevant times, an adult individual, residing in

St. Albans, New York, County of Queens.

8.      Upon information and belief, Defendant The Bank of New York ("BONY") is a

New York corporation, with its principal place of business at One Wall Street, New York, New

York, County of New York.

## COLLECTIVE ACTION ALLEGATIONS

**A.      The Teller Collective Action Members**

9.      Pursuant to 29 U.S.C. §207, Plaintiff, Jerijah Ward, seeks to prosecute her FLSA

claims as a collective action on behalf of all persons who are or were formerly employed by

Defendant, as tellers at any time since September 14, 2002 to the entry of judgment in this case

(the "Collective Action Period"), who were non-exempt employees within the meaning of the

FLSA and who were not paid overtime compensation at rates not less than one-half times the

regular rate of pay for hours worked in excess of eight hours per day and/or forty per workweek

(the "Teller Collective Action Members")

10.     The Teller Collective Action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 500 members of Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

11.     Plaintiff Ward will fairly and adequately protect the interests of the Teller Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

12.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Teller Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

**B.      The Assistant Branch Manager Collective Action Members**

13.     Pursuant to 29 U.S.C. §207, Plaintiff, Geraldine Smalls, seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as assistant branch managers, and were improperly classified as "exempt" employees and were deprived of wages by Defendant's failure to pay one and one half their regular rate of pay for hours worked in excess of eight hours per day and/or forty per workweek (the "Assistant Branch Manager Collective Action Members").

14.     The Assistant Branch Manager Collective Action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 200 members of Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15.     Plaintiff Smalls will fairly and adequately protect the interests of the Assistant Branch Manager Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

16.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Assistant Branch Manager Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

## Common Question of Law and Fact

17.     Questions of law and fact common to the members of both of the above-described collective action classes predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the

common questions of law and fact common to Plaintiffs and other Teller and Assistant Branch
Manager Collective Action Members are:

    a.  whether the Defendant employed the Collective Action members within the
meaning of the FLSA;

    b.  whether the Defendant misclassified its assistant branch mangers as exempt
employees under the FLSA;

    c.  what proof of hours worked is sufficient where the employer fails in its duty
to maintain time records;

    d.  whether Defendants failed to post or keep posted a notice explaining the
minimum wages and overtime pay rights provided by the FLSA in any area
where Plaintiffs are employed, in violation of C.F.R. § 516.4;

    e.  whether Defendant failed to pay the both the Teller Collective Action
Members and the Assistant Branch Manager Collective Action Members
overtime compensation for hours worked in excess of eight hours per day
and/or forty hours per workweek, in violation of the FLSA and the
regulations promulgated thereunder;

    f.  whether Defendant's violations of the FLSA are willful as that term is used
within the context of the FLSA;

    g.  whether Defendant is liable for all damages claimed hereunder, including but
not limited to compensatory, punitive and statutory damages, interest, costs
and disbursements and attorneys' fees; and

    h.  whether Defendant should be enjoined from such violations of the FLSA in
the future.

18.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

### A. Teller Class

19.     Plaintiff, Jerijah Ward, sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

20.     Plaintiff Ward brings her New York Labor Law claim on behalf of all persons who were employed by Defendant as tellers at any time since September 14, 1999, to the entry of judgment in this case (the "Teller Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Teller Class").

21.     The persons in the Teller Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 500 members of Teller Class during the Class Period.

22.     The claims of Plaintiff Ward are typical of the claims of the Teller Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

23.     The Defendant has acted or refused to act on grounds generally applicable to the Teller Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

24.     Plaintiff Ward is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

25.     Plaintiff Ward has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Teller Class.

26.     There are questions of law and fact common to the Teller Class which predominate over any questions solely affecting the individual members of the Teller Class, including but not limited to:

    a.   whether the Defendant employed the members of the Teller Class within the meaning of the New York Labor Law;

    b.   what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c.   whether Defendant failed and/or refused to pay the members of the Teller Class premium pay for hours worked in excess of eight hours per day and/or forty hours per workweek and more than ten hours a day within the meaning of the New York Labor Law;

    d.   whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory damages, interests, costs and disbursements and attorneys' fees; and

    e.   whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

**B.     The Assistant Branch Manager Class**

27.     Plaintiff, Geraldine Smalls, sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

28.     Plaintiff Smalls brings her New York Labor Law claim on behalf of all persons who were employed by Defendant as Assistant Managers at any time since September 14, 1999, to the entry of judgment in this case (the "Assistant Branch Manager Class Period"), who were improperly classified as exempt employees by the Defendant and paid on an salary basis.  (the "Assistant Branch Manager Class"). However, Plaintiff Smalls and members of the Assistant Branch Manager Class devoted minimal, if any, time to exempt duties.

29.     The persons in the Assistant Branch Manager Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 200 members of Teller Class during the Class Period.

30.     The claims of Plaintiff Smalls are typical of the claims of the Assistant Branch Manager Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

31.     The Defendant has acted or refused to act on grounds generally applicable to the Assistant Branch Manager Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

32.    Plaintiff Smalls is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

33.    Plaintiff Smalls has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Assistant Branch Manager Class.

34.    There are questions of law and fact common to the Assistant Branch Manager Class which predominate over any questions solely affecting the individual members of the Assistant Branch Manager Class, including but not limited to:

   a.   whether the Defendant employed the members of the Assistant Branch Manager Class within the meaning of the New York Labor Law;

   b.   what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   c.   whether the Defendant misclassified its assistant branch mangers as exempt employees under the New York Labor Law;

   d.   whether Defendant failed and/or refused to pay the members of the Assistant Branch Manager Class premium pay for hours worked in excess of eight hours per day and/or forty hours per workweek and more than ten hours a day within the meaning of the New York Labor Law;

   e.   whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory damages, interests, costs and disbursements and attorneys' fees; and

   f.   whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

9

## STATEMENT OF FACTS

**A.    Plaintiff Ward**

35.    Starting in or about December 2004 and continuing until in or about March 2005, Plaintiff Ward was employed as a teller by the Defendant at its branch located in Chestnut Ridge, New York.

36.    Plaintiff Ward's work was performed on the premises of the Defendant's bank, was performed in the normal course of the Defendant's business and was integrated into the business of the Defendant.

37.    The work performed by Plaintiff Ward required little skill and no capital investment. Her duties did not include managerial responsibilities or the exercise of independent judgment.

38.    Plaintiff Ward often worked in excess of 8 hours per day and/or 40 hours a week, yet the Defendant willfully failed to pay Plaintiff overtime compensation of one and one-half times her regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law.

39.    Throughout that time and, upon information belief, both before that time (throughout the Teller Class Period) and continuing until today, the Defendant has likewise employed other individuals, like the Plaintiff Ward (the Teller Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

40.     Such individuals have worked in excess of 40 hours a week and more than 10 hours a day, yet the Defendant has likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law.  As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

41.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff Ward's own employment, while Defendant employed Plaintiff Ward and the Teller Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

**B.      Plaintiff Smalls**

42.     Starting in or about 1992, and continuing, Plaintiff Smalls was employed as an Assistant Branch Manager one of its branches located in Queens, New York.

43.     Plaintiff Smalls' work was performed on the premises of the Defendant's bank, was performed in the normal course of the Defendant's business and was integrated into the business of the Defendant.

44.     The work performed by Plaintiff Small required little skill and no capital investment. Her duties did not include managerial responsibilities or the exercise of independent judgment.  Plaintiff Smalls had no authority to hire or fire other employees within the BONY. Nor did she have any input regarding branch staffing and her job responsibilities were devoid of any duties pertaining to the management of any BONY branch.

11

45.     Plaintiff Smalls' non-managerial job responsibilities and workload overwhelmed any managerial or strategic duties.

46.     Throughout the Assistant Branch Manager Class Period and continuing until today, the Defendant has likewise employed other individuals, like the Plaintiff Smalls (the Assistant Branch Manager Collective Action Members/the Class) in non-exempt positions.

47.     Such individuals have worked in excess of 40 hours a week and more than 10 hours a day, yet the Defendant has likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law.  As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

48.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff Smalls' own employment, while Defendant employed Plaintiff Smalls and the Assistant Branch Manager Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

49.     Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 48 as if they were set forth again herein.

50.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

52.     Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

53.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

54.     At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of eight hours per day and/or forty hours per workweek.

55.     As a result of the Defendant's willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of eight hours per day and/or forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56.     As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

57.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

58.     Due to the Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from the Defendant, their unpaid overtime

13

compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

59.     Plaintiffs, on behalf of themselves and the members of the Classes, reallege and incorporate by reference paragraphs 1 through 48 as if they were set forth again herein.

60.     At all relevant times, Plaintiffs and the members of the Classes were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

61.     Defendant willfully violated Plaintiffs' rights and the rights of the members of the Classes, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of eight hours per day and/or forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

62.     The Defendant's New York Labor Law violations have caused Plaintiffs and the members of the Classes, irreparable harm for which there is no adequate remedy at law.

63.     Due to the Defendant's New York Labor Law violations, Plaintiffs and the members of the Classes are entitled to recover from Defendant their unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Classes, respectfully requests that this Court grant the following relief:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2)

and (3) on behalf of the members of the Classes and appointing Plaintiffs and

their counsel to represent the Classes;

b.    Designation of this action as a collective action on behalf of the Collective Action

Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all

similarly situated members of an FLSA Opt-In Class, apprising them of the

pendency of this action and permitting them to assert timely FLSA claims in this

action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and

appointing Plaintiffs and their counsel to represent the Collective Action

Members;

c.    A declaratory judgment that the practices complained of herein are unlawful

under the FLSA and the New York Labor Law;

d.    An injunction against the Defendant and its officers, agents, successors,

employees, representatives and any and all persons acting in concert with it, as

provided by law, from engaging in each of the unlawful practices, policies and

patterns set forth herein;

e.    An award of unpaid overtime compensation due under the FLSA and the New

York Labor Law;

f.    An award of liquidated and/or punitive damages as a result of the Defendant's

willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.    An award of prejudgment and postjudgment interest;

h.    An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

i.      Such other and further relief as this Court deems just and proper.


### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by the complaint.


Dated: New York, New York
       March 7, 2006

                                        By: _____
                                            Fran L. Rudich (FR 7577)

                                            Seth R. Lesser (SL 5560)
                                            Fran L. Rudich (FR 7577)
                                            LOCKS LAW FIRM, PLLC
                                            110 East 55th Street, 12th Floor
                                            New York, New York 10022
                                            Telephone: (212) 838-3333
                                            Facsimile: (212) 838- 5357

                                            Jeffrey M. Gottlieb (JG 7905)
                                            BERGER & GOTTLIEB
                                            150 East 18th Street, Suite PHR
                                            New York, New York 10003
                                            Telephone (212) 228-9795

                                            **ATTORNEYS FOR PLAINTIFF**